UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOE LARRY NANLAP,

Petitioner,

v.

RAFAEL ACEVEDO, Warden,

Respondent.

No. 2:24-cv-00025-WBS-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel in a habeas action brought pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 26, 2026, respondent filed a motion to dismiss the petition because it includes unexhausted claims. ECF No. 12. Petitioner did not file a response to the motion to dismiss, nor did he request additional time to respond. As a result, on July 6, 2026, this court issued an order requiring petitioner to file either an opposition or a notice of non-opposition to respondent's motion to dismiss within seven days. ECF No. 13. Petitioner was cautioned that failure to comply with the court's order might be deemed a waiver of any opposition to the granting of respondent's motion pursuant to Local Rule 230(l). *Id.* In addition, plaintiff was cautioned that failure to comply with the order might result in sanctions, up to and including dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Petitioner did not file a response until July 24, 2026, well after the court's requirement of filing a response within seven days. ECF No. 14. In that one-page response, petitioner requests a stay pursuant to *Rhines v. Weber,* 544 U.S. 269, 274 (2005) in lieu of a dismissal. *Id.*

Respondent has filed an opposition to the motion to stay (ECF No. 15), and petitioner has not filed a reply. Although the court recognizes that petitioner's delay in filing a response to the motion to dismiss was lengthy and unjustified, it nonetheless finds that the most prudent option is to consider both respondent's motion and petitioner's request for a stay on the merits. For the following reasons, the court recommends that respondent's motion to dismiss be GRANTED and petitioner's motion for a *Rhines* stay be DENIED.

**ANALYSIS**

Exhaustion of state remedies requires that before filing in federal court, petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). Here, the parties agree that Claims 2, 3, and 4 of the petition are unexhausted (ECF Nos. 1, 12, and 14), and respondent moves to dismiss the petition on that ground. ECF No 12. In response, petitioner moves for a *Rhines* stay of the petition. ECF No. 14.

A court may stay an unexhausted petition and hold it in abeyance pursuant to either *Kelly v. Small,* 315 F.3d 1063 (9th Cir.2003) or *Rhines v. Weber,* 544 U.S. 269 (2005). *King v. Ryan,* 564 F.3d 1133, 1135 (9th Cir.2009). Pursuant to *Rhines,* a court may stay a mixed petition, *i.e.*, one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines,* 544 U.S. at 277. Under *Rhines,* "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" *Kings,* 564 F.3d at 1139 (quoting *Rhines,* 544 U.S. at 277–78). A petitioner shows good cause by providing the court with a reasonable excuse, supported by evidence, that justifies the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Furthermore, it is inappropriate to issue a stay under *Rhines* "when the unexhausted claims are 'plainly meritless,' or where the petitioner has engaged in 'abusive litigation tactics or intentional delay.'" *Id.*

/////

Here, petitioner maintains that he was "under the impression that [Claims 2, 3, and 4] were in fact exhausted in state court because the petitioner's former counsel told [him] the claim[] was going to be brought up." ECF No. 14. Petitioner also maintains that his counsel did not send him all of his records, and therefore he was unable to determine whether the claims were in fact exhausted. *Id.* According to petitioner, this is enough to demonstrate good cause for a *Rhines* stay.

Petitioner is incorrect. While *Rhines* did not describe the criteria for determining whether good cause for failure to exhaust exists, the Ninth Circuit has found that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The U.S. Supreme Court has instructed that stay and abey orders "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Thus, the court must not construe "good cause" in such a way that stay orders under *Rhines* are routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Here, petitioner has not shown good cause for a stay. While a petitioner does not need to demonstrate "extraordinary circumstances" to justify a stay, he must provide more than unsupported allegations. *See Wooten,* 540 F.3d at 1024. Petitioner's brief statements that his former counsel told him "the claim was going to be brought up", without additional evidence, do not constitute good cause. *Id.* (finding that petitioner Wooten's allegation that he thought his claims had been exhausted was not reasonable and did not demonstrate good cause); *see also King*, 564 F.3d at 1138 (rejecting good cause claim because allegations were not sufficiently detailed). Even if petitioner had submitted additional support for his claim that his counsel allegedly informed him that his claims would be exhausted, "counsel's oversight . . . do[es] not constitute good cause" for failing to exhaust claims in state court. *Corjasso v. Ayers*, 2006 WL 618380 at *3 (E.D. Cal. March 9, 2006) (finding that even when counsel acknowledged that the delay in presenting claims was due to counsel's oversight, good cause was not demonstrated). Similarly, petitioner's unsupported claim that he was not sent all of his records does not demonstrate good cause. *See, e.g. Pittman v. Hence*, 2009 WL 4348428 at *3 (C.D. Cal. Dec. 1, 2009) (finding that an incarcerated petitioner's difficulty in obtaining facts, lack of legal

resources, and lack of legal knowledge did not constitute good cause under *Rhines*).

In addition, it is not irrelevant that petitioner's response to respondent's motion was – without any justification or request for a continuance – many months late and filed only after the court informed petitioner his case was at risk for dismissal. ECF Nos. 12, 13, 14. *See Blake,* 745 F.3d at 982.[1] Because it is inappropriate to issue a stay under *Rhines* when a petitioner has engaged in "intentional delay", *id.* at 982, and because petitioner has not demonstrated good cause for his failure to exhaust, the court recommends that his motion for a *Rhines* stay be denied, and respondent's motion to dismiss be granted.

**RECOMMENDATIONS**

For the foregoing reasons, it is RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED;
2. Petitioner's motion for a *Rhines* stay (ECF No. 14) be DENIED;
3. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has also not averred that he has made any efforts to present his unexhausted claims to the California Supreme Court, and according to respondent, no such habeas petition has been filed. ECF No. 15.